IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-HC-02332-M

| | |
|---|---|
| JAMES EARL SATTERWHITE, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

This cause is before the court on respondent's pending motion to dismiss. Mot. [D.E. 24]. For the following reasons, the court denies the motion without prejudice and with leave to refile.

Relevant Procedural History:

On December 12, 2019, James Earl Satterwhite, Jr. ("petitioner"), a state inmate, filed *pro se* a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Pet. [D.E. 1]; Pet. Attach [D.E. 1–1]. In response to an order of deficiency, Order [D.E. 4], petitioner filed an amended petition, Am. Pet. [D.E. 6]. On January 21, 2020, petitioner, among other things, moved for leave to amend. See Mot. [D.E. 12, 13]. On August 5, 2020, the court, among other things, granted the motions to further amend the petition and allowed the action to proceed. Order [D.E. 15]. On October 5, 2020, respondent filed an answer [D.E. 23], a motion to dismiss on non-exhaustion grounds, Mot. [D.E. 24], and a memorandum in support [D.E. 25]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion to dismiss, the response deadline, and the consequences of failing to respond. [D.E. 26]. Petitioner failed to respond and the time to do so has passed. On January 8, 2021, respondent filed a notice of suggestion of subsequently controlling authority. Resp't Notice [D.E. 27].

Background:

Petitioner's challenges his July 12, 2017, conviction for robbery with a dangerous weapon and false imprisonment in Edgecombe County. See Am. Pet. [D.E. 6] at 1; Pet'r's Br. [D.E. 11].

The facts of petitioner's criminal case were summarized on appeal as follows:

On 6 July 2016, an Edgecombe County Grand Jury indicted Defendant for robbery with a dangerous weapon and second-degree kidnapping. On 30 May 2017, the State filed notice of its intent to prove: (1) Defendant committed the offenses while on pretrial release, an aggravating factor; and (2) Defendant committed the offenses while on probation, which adds a prior record level point for sentencing.

On 10 July 2017, the court called Defendant's case for trial. The State presented evidence tending to show the following. On the morning of 1 July 2016, Defendant robbed Manning's Grocery. He threatened Kathy Nguyen, the store owner, with a hammer and took money from the cash register. He also stole Nguyen's purse, jewelry, gun, and other items. Defendant did not testify on his own behalf or present any evidence. On 12 July 2017, the jury found Defendant guilty of robbery with a dangerous weapon and false imprisonment, a lesser included offense of kidnapping.

Prior to sentencing, the State reminded the court it previously gave notice of its intent to prove Defendant committed the offenses while on pretrial release for other charges and on while on probation. The State arraigned Defendant on those two matters, and Defendant admitted to each as follows:

> THE STATE: So, [defense counsel], as to the aggravating factor that the defendant committed the offense while on pretrial release on another charge, how does the defendant plead to that?
>
> [DEFENSE COUNSEL]: He admits that, Your Honor.
>
> THE STATE: And as to the prior record point that at the time he committed this offense, he was on unsupervised probation in file number 14-CR-53617, does he admit that as well?
>
> [DEFENSE COUNSEL]: He admits that.
>
> THE COURT: All right, and robbery with a dangerous weapon is a Class D, is that correct?
>
> THE STATE: Yes, sir.
>
> THE COURT: And what record level would he be, Level II?

2

> THE STATE: No, he's a Level III because of that extra point.
>
> THE COURT: Okay.

The trial court then conducted the following plea colloquy with Defendant on the aggravating factor:

> THE COURT: ... Have the charges as to the issue of aggravating factors been explained to you by your attorney and do you understand those and do you understand that the element or the charge that they're using to aggravate the factor is that you committed this offense while you were on pretrial release for another case, do you understand that?
>
> A. Yes, sir.
>
> THE COURT: Have you discussed this issue with your lawyer? Are you satisfied with his legal services?
>
> A. Yes, sir.
> ....
>
> THE COURT: And do you understand that you have the right to be tried by a jury as to this issue is whether an aggravating factor exists, do you understand that?
>
> A. Yes, sir.
>
> THE COURT: And do you understand that you would have the right to confront, cross-examine witnesses at the determination hearing of the existence of the aggravating factor[?]
>
> A. Yes, sir.
>
> THE COURT: And do you understand that you have a right to have the jury to determine the existence of that aggravating factor and the burden is beyond a reasonable doubt[?]
>
> A. Yes, sir.
>
> THE COURT: And do you understand that by this plea you're waiving your constitutional right to a jury trial to establish that issue of an aggravating factor existing[?]
>
> A. ( [Defense counsel] consults with [Defendant].) Yes, sir.

3

THE COURT: And do you understand that upon your plea of guilty and admitting that there is an aggravating factor existing that there be limitations on your right to appeal?

A. Yes, sir.

THE COURT: And do you understand that you have admitted and are pleading guilty to the fact that an aggravating factor exists?

A. Yes, sir.

THE COURT: And do you understand that in North Carolina there are three levels of punishment. There is the mitigated range and the aggravated range by which the judge can enter a sentence without a jury. However, in cases of the aggravated range, you would have to have a jury to determine whether or not a[n] aggravating factor exists before the judge could go to the aggravated range to enter an aggravated punishment and that the maximum punishment for a Class D felon, Level III of which your record level is the maximum punishment for this charge would be 138 months. Do you understand that?

A. Yes, sir.

THE COURT: And do you now personally admit and plead guilty to the fact that there are aggravating factors in existence of that aggravating factor[?]

A. ( [Defense counsel] consults with [Defendant].) Yes, sir.

THE COURT: And were you, in fact, on pretrial release at the time this robbery occurred?

A. Yes, sir.

THE COURT: And further, have you admitted to the existence of the aggravating factor as I will list it here, that you were on pretrial release at the time this crime occurred?

A. Yes, sir.

[THE COURT]: And do you stipulate and agree that there [is] evidence to support that factor beyond a reasonable doubt and have you agreed that the Court may accept your admission to these factors and do you understand that you are waiving any notice – well, have

4

> you agreed that the state has provided you with notice about these aggravating factors?
>
> A. Yes, sir.

In support of the aggravating factor, the State entered into evidence a judgment showing Defendant's conviction and bond papers showing his release for four crimes committed in 2015. The State also introduced into evidence, without objection, another judgment, which showed Defendant was on probation at the time of the offenses:

> THE STATE: And I'd also like to mark or have marked as State's Exhibit 2 for sentencing purposes, the certified document from the clerk's office demonstrating that the defendant was on unsupervised probation for the offense of assault on a female and injury to personal property as of August 19th, 2015, which he received a sentence of 60 days which was suspended. He was placed on unsupervised probation for 60 months on August 19th, 2015 which would, of course, mean he was on unsupervised probation at the time of this offense.

The trial court found:

> upon consideration of the record proper, the evidence, the factual presentation offered, answers of the defendant, statements of the lawyers for both sides, I find that there is a factual basis for the entry of the admission as to the aggravating factors and sentencing point, that the defendant is satisfied with his lawyer, that the defendant is competent to stand trial.

Defendant executed a Transcript of Plea form, admitting to the existence of the aggravating factor that he was on pretrial release at the time he committed the offenses. On the Prior Record Level worksheet, Defendant also stipulated he committed the offenses while on probation. The existence of the aggravating factor and additional prior record level point raised Defendant's felony prior record level from Level II to Level III. The trial court sentenced Defendant to consecutive terms of 105 to 138 months and 60 days imprisonment, consistent with the aggravated range for a Level III felony offender. Defendant gave oral notice of appeal.

State v. Satterwhite, 262 N.C. App. 374, 820 S.E.2d 135 (2018), 2018 WL 5796371.

On direct appeal, petitioner argued that the "trial court erred in sentencing [petitioner] at prior record level three on his robbery with a dangerous weapon conviction when [petitioner] did

5

Case 5:19-hc-02332-M   Document 28   Filed 08/17/21   Page 5 of 9

not enter a valid admission to the additional prior record level point and there was not a factual basis for the additional prior record level point." Resp't Mem. Attach. [D.E. 25-3] at 6.

On November 6, 2018, the North Carolina Court of Appeals issued an unpublished opinion finding no reversible error. Resp't Mem. Attach. [D.E. 25-5] (printout of North Carolina Court of Appeals' opinion, Satterwhite, 262 N.C. App. 374, 820 S.E.2d 135 (2018), 2018 WL 5796371).

On September 27, 2019, petitioner filed *pro se* a petition for discretionary review in the North Carolina Supreme Court. Resp't Mem. Attach. [D.E. 25-6]. Petitioner referenced the sole claim he had raised on direct appeal to the North Carolina Court of Appeals and raised the following claims: the trial court erred in sentencing petitioner for robbery with a dangerous weapon conviction because "there was plain error and there was not a factual basis for the additional felony prior record level point"; the trial court erred in sentencing petitioner on his convictions of robbery with a dangerous weapon and false imprisonment because "the State did not prove beyond a reasonable doubt that every element of the crimes asserted were committed by [petitioner] beyond a reasonable doubt"; the "trial court erred in allowing in [sic] overruling [petitioner's] objections to the testimony of several witnesses because their testimony was unconsistent [sic], inadmissible hearsay and was offered for the truth of the matter asserted"; the prosecutor "committed prosecutorial misconduct and violated [petitioner's] due process right when the prosecutor in this case asserted expressed personal opinions about [petitioner's] guilt or credibility, did not avoid epithets or other remarks regarding [petitioner's] character, and vouched for the credibility of government witnesses"; the arrest warrant was "invalid" because the supporting affidavit lacked probable cause; and "there was sufficient evidence proving [petitioner] innocent of the crimes asserter [sic] but was not available to [petitioner] due to the lack of professional assistance from [petitioner's] court appointed trial attorney." Id. at 3–5.

On October 18, 2019, petitioner moved the North Carolina Supreme Court for "*en banc* rehearing." Resp't Mem. Attach. [D.E. 25-7].

On December 15, 2020, the North Carolina Supreme Court summarily denied both petitioner's September 27, 2019, petition for discretionary review, State v. Satterwhite, 851 S.E.2d 638 (N.C. 2020), 2020 WL 7682137, and petitioner's October 18, 2019, motion for *en banc* review, State v. Satterwhite, 376 N.C. 549, 851 S.E.2d 633, 634 (2020).

## Discussion:

Petitioner raises the following grounds for relief in his federal habeas petition: 1) the trial court violated his Sixth Amendment rights when it "obtained [petitioner's] guilty plea solely from the existence of aggravating factor No. 12, that [petitioner] committed the offense while on pretrial release on another charge," although petitioner did not admit to this aggravating factor; 2) the prosecutor's closing argument constituted misconduct and a denial of due process; 3) evidence admitted at trial was obtained by a "second (illegal) search"; 4) the warrant for petitioner's arrest was invalid because it was "validated off of hearsay testimonies that were not thoroughly investigated by police"; 5) the trial court erred by denying his motion to dismiss for insufficiency of evidence; and 6) petitioner did not receive all favorable evidence available to him due to ineffective assistance of counsel. See Am. Pet. [D.E. 6] at 5, 7–10, 16–18. Petitioner also asserts that he has exhausted his state remedies on his grounds for relief because he raised these claims in a motion for appropriate relief ("MAR") in the North Carolina Supreme Court. Id. at 7, 8, 10, 11.

Respondent generally argues that petitioner failed to exhaust his available state-court remedies as to these grounds for relief. See Resp't Mem. [D.E. 25] at 4–8. Respondent also argues that petitioner's self-styled "Petition Motion for Appropriate Relief" in the North Carolina Supreme Court, see Pet. Attach. [D.E. 1-1] at 15–36, is not a successful exhaustion under the

7

relevant statutory scheme, and that there is no indication that petitioner properly filed an MAR in Edgecombe County Superior Court, see Resp't Mem. [D.E. 25] at 2, n.1.

Absent a valid excuse, a state prisoner must exhaust all available state-court remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (noting exhaustion doctrine is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

In North Carolina, a prisoner may satisfy the exhaustion requirement either by: 1) directly appealing the conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or 2) filing an MAR in the state trial court of the county of conviction and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1415, 15A-1422. The habeas petitioner bears the burden of proving that a claim was exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994), cert. denied, 513 U.S. 1047 (1994).

Here, because the North Carolina Supreme Court denied the petition for discretionary review while respondent's instant motion to dismiss for failure to exhaust remained pending, petitioner now has satisfied one avenue of the state-court exhaustion scheme. It appears to the court that petitioner's first ground for relief now is exhausted because, liberally construing his *pro se* filings, this claim was raised both on direct appeal and, by reference, in his petition for discretionary review. It also appears to the court that petitioner did not raise his additional grounds for relief *both* on direct appeal and/or in his petition for discretionary review. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Nevertheless, because respondent has not yet fully briefed the question of whether petitioner's grounds for relief also are procedurally defaulted, see Resp't

8

Notice [D.E. 27], the court will deny the instant motion to dismiss without prejudice and with leave to refile. See Plymail v. Mirandy, No. 19-6412, 2021 WL 3504042, at *4–5 (4th Cir. Aug. 10, 2021) (discussing procedural default and the habeas standard of review for state-court prisoners).

## Conclusion:

For the reasons discussed above, the court DENIES WITHOUT PREJUDICE AND WITH LEAVE TO REFILE respondent's motion to dismiss [D.E. 24]. Respondent shall address petitioner's grounds for relief either on the merits or pursuant to other substantive or procedural defenses, including exhaustion and procedural default, not later than October 1, 2021.

SO ORDERED. This 17th day of August 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge